UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARILEE M. ROTHROCK,**

    **Plaintiff,**

v.     CASE NO. 8:06-CV-1432-T-EAJ

**MICHAEL J. ASTRUE,**[1]
**Commissioner Social Security,**

    **Defendant.**
_____/

## FINAL ORDER

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income payments ("SSI") under the Act.[2]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Therefore, pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 19).

applicable legal standards. See 42 U.S.C. § 405 (g) (2003). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979) (citations omitted).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**I.**

Plaintiff protectively filed her application for DIB and SSI on November 12, 2002, with an alleged onset of disability of November 13, 2002, the date she was admitted to the hospital for a subtotal colectomy due to dysmotility. (T 75, 255-56) Following a two and one-half month hospital stay, Plaintiff alleges disability due to complications and medical problems such as ileostomy secondary to intestinal adhesions and abdominal pain, status post gallbladder removal, chronic obstructive pulmonary disease, status post tracheotomy, diffuse joint and muscle pain/osteoarthritis, obesity, headaches, status post gunshot would to the head, left lower extremity thrombosis, status post pulmonary embolism, depression, anxiety, bipolar, borderline personality disorder and substance abuse and addiction disorder. (T 18-19) Plaintiff's claim was denied initially and upon reconsideration. (T 35, 36) Following a November 3, 2005 administrative hearing, the ALJ denied

Plaintiff's claim in a decision dated December 13, 2005. (T 17-28) The Appeals Council declined to review the ALJ's decision, rendering the Commissioner's decision "final" for the purposes of judicial review. (T 8-11) See Ingram v. Commissioner of Social Security, ___ F.3d ___, No. 06-14602, 2007 WL 2385076, *6-8 (11th Cir. Aug. 23, 2007) (when a claimant presents new evidence to the Appeals Council, the Appeals Council's decision to deny review is part of the "final decision" of the Commissioner).

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date, but that Plaintiff was not eligible for DIB and SSI because she was not disabled at any time through the date of the ALJ's decision. (T 26, 27) Plaintiff filed a timely petition for judicial review of the Commissioner's denial of benefits (Dkt. 1). Plaintiff has exhausted all administrative remedies and the Commissioner's decision is ripe for review under the Act.

Plaintiff, fifty-two years old at the time of the administrative hearing, has a high school education. (T 18, 81, 623) Her past work experience was in customer service as a telemarketer and customer service supervisor. (T 18, 76, 81) In the decision denying benefits, the ALJ found that Plaintiff has ileostomy secondary to intestinal adhesions and abdominal pain, status post gallbladder removal; chronic obstructive pulmonary disease; status post tracheotomy; diffuse joint and muscle pain/osteoarthritis; obesity; headaches, status post gunshot wound to the head; left lower extremity thrombosis, status post pulmonary embolism; depression, anxiety, bipolar, borderline personality disorder, and substance abuse and addiction disorder. (T 27) The ALJ determined that the above impairments are severe but concluded that Plaintiff's impairments do not meet or medically equal an impairment listed in the Listing of Impairments found in Appendix 1, Subpart P of Regulations No. 4. (Id.)

The ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform a significant range of light work, or work which requires maximum lifting of twenty pounds and frequent lifting of ten pounds, even though she could not perform her past work of customer service. (T 27) Specifically, the ALJ imposed the following limitations on Plaintiff's RFC:

> [Plaintiff] must avoid using her left lower extremity for repetitive movements such as operating foot controls or pushing and pulling. She must also avoid moving and hazardous machinery. In spite of her psychological impairments, she has sufficient attention and concentration to understand, remember, and follow simple instructions. She can perform routine repetitive tasks with 1-2 step instructions. She is limited to only occasional interaction with coworkers.

(Id.) Relying on the testimony of a vocational expert ("VE"), the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform, including those of mail clerk, travel clerk, and routing clerk. (T 26, 27) Further, in reaching the conclusion that Plaintiff had not been under a disability as defined by the Act at any time through the date of the decision, the ALJ found that Plaintiff's statements regarding her limitations were not wholly credible. (T 27)

The medical evidence has been summarized in the decision of the ALJ and will not be repeated here except as necessary to address the issues presented.

## II.

Plaintiff states three grounds for relief: (1) the Appeals Council failed to properly consider new evidence submitted by Plaintiff's treating physician; (2) the ALJ failed to properly evaluate the opinions of Plaintiff's treating physician; and (3) the ALJ failed to properly consider the combined effects of Plaintiff's impairments (Dkt. 18).[3] Because Plaintiff's first two asserted grounds for relief

---

[3] These arguments have been reordered for ease of reference and in light of the sequential analysis applicable to claims of this sort.

are intertwined, the court will address these issues in conjunction.

**A.**     Plaintiff alleges that the Appeals Council failed to properly consider new evidence submitted by Plaintiff's treating physician: a July 23, 2007 treating/examining source statement of physical capability (RFC analysis) completed by Jose Perez-Arce, M.D. ("Dr. Perez-Arce"). (T 607-08) In this statement, Dr. Perez-Arce opined that Plaintiff's ability to lift or carry is affected by worsening abdominal pain and limited Plaintiff to lifting or carrying six to eight pounds, maximum occasionally ten pounds, and maximum frequently three to five pounds in an eight-hour day. (T 607)

Dr. Perez-Arce also opined that Plaintiff can stand or walk only two hours in an eight-hour workday, and only ten to twenty minutes without interruption. In support of this opinion, Dr. Perez-Arce noted that Plaintiff has episodes of dizziness and left leg pain and vein thrombosis, as well as brain hemorrhage. (Id.) Further, Dr. Perez-Arce stated that Plaintiff is unable to climb, balance, stoop, crouch, kneel, or crawl due to difficulty breathing and abdominal pain. (T 608) Dr. Perez-Arce noted that Plaintiff should limit repeated pushing and pulling due to abdominal pain. Noting Plaintiff's dizziness and breathing difficulties after suffering a pulmonary embolism, Dr. Perez-Arce stated that Plaintiff should avoid exposure to heights, moving machinery, chemicals, dust, noise, fumes, humidity, and vibrations. Dr. Perez-Arce concluded that Plaintiff is unable to do anything other than sedentary activity. (Id.)

Plaintiff contends that Dr. Perez-Arce's RFC analysis was submitted to the ALJ prior to the hearing decision but that the ALJ failed to consider the evidence (Dkt. 18 at 22). The record indicates that Plaintiff submitted the evidence to the Appeals Council, which incorporated the evidence into the administrative record. (T 11) Plaintiff argues that Dr. Perez-Arce's opinion should have been considered by the Appeals Council and accorded appropriate weight because the evidence is inconsistent with the ALJ's findings and no contrary opinion from any examining doctor exists.

(Dkt. 18 at 21). Defendant responds that this medical assessment raises no reasonable possibility that the ALJ would have changed her decision as the ALJ rejected an earlier statement by Dr. Perez-Arce that Plaintiff could perform only sedentary work (Dkt. 20 at 10).

Both parties cite the standard for remand for consideration of new evidence under sentence six of the Act. To obtain a "sentence six" remand, a claimant must establish that: (1) there is new, non-cumulative evidence; (2) the evidence is material in that it is relevant and probative so that there is a reasonable possibility that it would change the administrative results; and (3) there is good cause for failure to submit the evidence at the administrative level. Cannon v. Bowen, 858 F.2d 1541, 1546 (11th Cir. 1988) (internal citations and quotations omitted).

However, a sentence six remand is proper only when new and material evidence that was not incorporated into the administrative record comes before the district court. In Ingram v. Commissioner of Social Security, ___ F.3d ___, No. 06-14602, 2007 WL 2385076, *6-8 (11th Cir. Aug. 23, 2007), the Eleventh Circuit clarified that "[s]entence six allows the district court to remand to the Commissioner to consider previously unavailable evidence; it does not grant a district court the power to remand for reconsideration of evidence previously submitted to the Appeals Council." In this case, Dr. Perez-Arce's July 2004 assessment fails to meet the criteria for a sentence six remand because it is not new evidence that the Commissioner failed to incorporate into the administrative record. Dr. Perez-Arce's evaluation was properly submitted to the Appeals Council, which considered the evaluation and incorporated it into the administrative record. (T 11) Therefore, remand under sentence six is inappropriate. See Ingram, 2007 WL 2385076 at *13.

However, because Plaintiff challenges the Appeals Council's review of her case (Dkt. 1 at 2), Dr. Perez-Arce's July 2004 assessment may be the basis for a sentence four remand. Ingram, 2007 WL 2385076 at *10-11. As explained in Ingram, "when a claimant properly presents new

evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." 2007 WL 2385076 at *6. However, Ingram clarified that for a federal court to review under sentence four a complaint that the Appeals Council erroneously denied review after considering new and material evidence, a claimant must specifically challenge the Appeals Council's decision to admit new evidence and deny review. Id. at 8-11(explaining and reconciling the holdings in Falge v. Apfel, 150 F.3d 1320 (11th Cir. 1998), cert. denied, 525 U.S. 1124 (1999) and Keeton v. Dept. of Health & Human Svcs., 21 F.3d 1064 (11th Cir. 1994)). Accordingly, because Plaintiff challenges the Appeals Council's denial of review as well as the ALJ's denial of benefits, the court reviews, under sentence four, whether the Appeals Council's decision to deny benefits is supported by substantial evidence in the record as a whole, which record includes Dr. Perez-Arce's July 2004 assessment.[4]

If viewing the administrative record as a whole, it is unclear that substantial evidence exists to support the denial of benefits. At this juncture, it is appropriate to consider Plaintiff's argument that the ALJ did not give substantial weight to Dr. Perez-Arce's treatment notes. Dr. Perez-Arce began treating Plaintiff in March 2003 following her hospital discharge post-surgery. Plaintiff saw Dr. Perez-Arce eleven times in 2003 for follow-up visits and treatment. (T 299-309) Dr. Perez-Arce conducted numerous diagnostic tests, x-rays, and prescribed medications. In June 2004, Dr. Perez-Arce completed an exam and pulmonary testing. (T 465-75) The physician's impression was that

---

[4] Although Plaintiff argues that she submitted Dr. Perez-Arce's assessment to the ALJ before the ALJ rendered her hearing decision, and the Commissioner is silent as to this argument, Plaintiff points to no evidence that would allow the court to make that finding. Accordingly, this court must determine whether the Dr. Perez-Arce's assessment rendered the ALJ's decision unsupported by substantial evidence and thus the Appeals Council erred in denying review. See Ingram, 2007 WL 2385076 at *11.

Plaintiff had a history of chronic abdominal pain with permanent ileostomy after intestinal obstruction secondary to adhesions, a history of leg deep vein thrombosis and pulmonary embolism, difficulty breathing with activities. Dr. Perez-Arce noted episodes of dizziness with three episodes of falling, a history of anxiety and depression, previous hospitalizations and surgeries, and current medications including Pamelor, Klonopin, Warfarin, Paxil, Trazadone, Percocet, Naproxen, and Fexeril. (T 466, 469) Regarding muscle strength, Plaintiff's exam showed lumbar forward flexion was limited to seventy degrees (normal ninety degrees) and extension and lateral flexion was limited to fifteen degrees (normal twenty-five degrees). (T 470) Dr. Perez-Arce concluded in this assessment that Plaintiff was "unable to do other than sedentary activity." (T 469)

Dr. Perez-Arce continued to treat Plaintiff in 2004 and 2005. (T 289-98, 269-75, 314-17, 324-34, 465-75) When Plaintiff was admitted to the hospital in September 2004 and July 2005, Dr. Perez-Arce was the treating physician. (T 511, 588-89) Dr. Perez-Arce's relationship with Plaintiff was that of a treating physician, which relationship the Commissioner concedes. (T 24)

In assessing medical evidence in a disability case, the ALJ is required to state with particularity the weight given to different medical opinions and the reasons therefor. Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987) (citation omitted). Generally, a treating physician's opinion is entitled to considerable weight unless there is good cause to reject those opinions. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982). The opinions of non-examining, reviewing physicians standing alone do not constitute substantial evidence, and are entitled to little weight when contrary to those of the examining physicians. Sharfarz, 825 F.2d at 280 (citation omitted).

The ALJ may discount a treating physician's opinion if it is not well-supported by medical evidence or is inconsistent with the record as a whole. Crawford v. Comm'r of Soc. Sec., 363 F.3d

8

1155, 1159-60 (11th Cir. 2004) (ALJ may discount a treating physician's opinion when that opinion is unsupported by the medical evidence and contradicts the physician's own treatment notes).

Here, the ALJ concluded that Dr. Perez-Arce's examination reported findings that were "basically normal." (T 24) According to the ALJ, Dr. Perez-Arce's "treatment notes show only routine office visits and treatment (Exhibit 8F). There is nothing in the record that would support a limitation of sedentary work." (Id.) Nowhere else in the opinion does the ALJ discuss Dr. Perez-Arce's treatment of Plaintiff. Nor does the ALJ state specific reasons for rejecting Dr. Perez-Arce's opinion or explain with sufficient detail why Dr. Perez-Arce's opinion is not well-supported by the medical evidence. Indeed, the Commissioner must identify specific evidence in the record that supports her conclusion that the treating physician's opinion is entitled to little weight, and here the ALJ has failed to do so.

Further, the ALJ gives great weight to the assessment of the state agency medical consultant, even though the state agency physician did not examine Plaintiff. (T 23) The Commissioner discounts Dr. Perez-Arce's opinion in favor of the state agency physician's opinion but fails to cite or discuss any medical evidence that would corroborate the state agency physician's opinion as opposed to Dr. Perez-Arce's. The Commissioner's reliance on agency physicians' assessments, standing alone, does not provide substantial evidence especially when contrary to those of treating physicians. Spencer ex. rel. Spencer v. Heckler, 765 F. 2d 1090, 1094 (11th Cir. 1985).

Accordingly, the court finds that remand is warranted in light of the Commissioner's failure to assign appropriate weight to Plaintiff's treating physician's opinion or sufficiently identify reasons for discrediting said opinion. Further, the Appeals Council erred in denying review because Dr. Perez-Arce's July 2004 RFC assessment is new, material, and chronologically relevant evidence that, when considered as part of the record evidence as a whole, renders "the administrative law

9

judge's action, findings, or conclusion . . . contrary to the weight of the evidence currently of record." Ingram, 2007 WL 2385076 at *4 (internal quotation marks and citation omitted).

**B.** Plaintiff also argues that the ALJ failed to fully consider the combined effects of all of Plaintiff's impairments and subjective complaints. If remand is required on an issue raised in the case, it is unnecessary to review other objections to the ALJ's conclusion. See generally Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1991). Thus, it is unnecessary to address Plaintiff's arguments relating to the ALJ's consideration of the combined effect of her impairments. However, on remand, the Commissioner is reminded of the substantial body of case law regarding the consideration of the combined effects of a claimant's impairments and subjective complaints.

### III.

Remand to the Commissioner for further consideration is necessary for the reasons set forth above. The court finds that remand to the Appeals Council is proper because, based on the evidence currently of record, its decision denying review was erroneous. See Parker v. Bowen, 793 F.2d 1177, 1181 (11th Cir. 1986) (reversing and remanding for the Appeals Council to reevaluate the claimant's credibility and treating physician's opinion); Fry v. Massanari, 209 F. Supp. 2d 1246, 1254 (N.D. Ala. 2001) (remanding to the Appeals Council for proper consideration of the claimant's evidence). On remand for further consideration, "the Appeals Council, acting on behalf of the Commissioner, may make a decision, or it may remand the case to an administrative law judge with instructions to take action and issue a decision or return the case to the Appeals Council with a recommended decision." 20 C.F.R. § 404.983. On remand, each party shall have the opportunity to submit additional evidence, and this court expresses no view as to what the outcome of the proceedings should be.

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1)     the decision of the Commissioner is **REVERSED** and this case is **REMANDED** for further administrative proceedings consistent with the foregoing; and

(2)     the Clerk of Court shall enter final judgment pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) as a "sentence four remand" and close the file, with each party bearing its own costs and expenses.

**DONE AND ORDERED** in Tampa, Florida on this 25th day of September, 2007.

*/s/ Elizabeth A. Jenkins*
ELIZABETH A JENKINS
United States Magistrate Judge

11